UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

REGINA WILLIAMS                                                            PLAINTIFF

v.                                                            Civil No. 1:17-cv-00179-GHD-DAS

BRYAN ANDERSON, *et al.*                                                  DEFENDANTS

## MEMORANDUM OPINION

This Court has before it a motion for judgment on the pleadings [90] filed by Defendants Tippah County, Mississippi, Sheriff Karl Gailard, Josh Bateman, Donald Austin, Jonathan Rainey, and Billy Johnson (collectively the "Tippah County Defendants"); and a motion for judgment on the pleadings [95] filed by City of Ripley, Chief Scott White, and Officer Ryan Swallow (collectively the "Ripley Defendants"). For the reasons set forth below, the Court finds the motions should be granted.

### Background

The Court has described the facts of this case in great detail in a prior opinion. *See* September 4, 2018 Memo. Op. [88] at 1–2. For the sake of brevity, the Court will provide an abridged version: Plaintiffs allege that Taylor Talley led a deputy with Alcorn County Sheriff's Department on a high-speed chase. Officers with the Tippah County Sheriff's Department, the Ripley Police Department, and Mississippi Highway Patrol joined in the pursuit. Bryan Anderson, a Mississippi State Trooper, ended the chase by deploying a spike strip, causing Talley to crash. Decedent Samantha Cruz, a passenger in Talley's vehicle, died in the crash.

Plaintiff Regina Williams, on behalf of Cruz's wrongful death beneficiaries, filed this action against the officers directly involved in the chase, as well as the municipalities that employed them, and their supervisors, alleging that their actions violated Cruz's Fourth and Fourteenth Amendment rights. Concerning the Tippah County Defendants, Williams asserts that: Sheriff Karl Gailard and Deputies Josh Bateman, Donald Austin, Jonathan

1

Standford, Jeremey Rainey, and Billy Johnson used excessive force in seizing Cruz (count 1), deprived Cruz of her right to life, and Cruz's family of their right to a familial relationship with Cruz (count 2), failed to stop Anderson from using excessive force (count 3); and deprived Cruz of her life through arbitrary government action (count 10); and that Defendant Tippah County's failure to train its employees caused her death (count 9). As to the Ripley Defendants, she asserts that Chief of Police Scott White and Officer Ryan Swallow used excessive force in seizing Cruz (count 1), deprived Cruz of her right to life, and Cruz's family of their right to a familial relationship with Cruz (count 2), failed to stop Anderson from using excessive force (count 3); deprived Cruz of her life through arbitrary government action (count 12); and that the City of Ripley and Scott White's failure to train Swallow resulted in Cruz's death (counts 11 and 13). Williams also brings negligence claims against all defendants (count 15).

Williams brought identical claims against Alcorn County, Mackie Sexton, and Bryan Anderson. They moved to dismiss, and the Court held that there was no excessive force used in seizing Talley and Cruz. Because all of Williams' federal claims were predicated on an excessive use of force, the Court dismissed her federal claims against Alcorn County, Sexton, and Anderson. As the Court will explain, that holding extends to the federal claims made against the Tippah County and Ripley Defendants.

### Judgment on the Pleadings Standard

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. See *Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (per curiam) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially

2

noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Analysis

The Tippah County Defendants argue that Gailard, Bateman, Austin, Standford, Rainey, and Johnson are entitled to the qualified immunity on the excessive force, familial relations, failure to intervene, and arbitrary government action claims. The Tippah County Defendants also argue that Williams has failed to state a failure to train claim against Tippah County.

The Ripley Defendants argue that that White and Swallow are entitled to qualified immunity on excessive force, familial relations, failure to intervene, and arbitrary government action claims. They also argue that Williams has failed to state a failure to train claim against the City of Ripley or Chief White.

### 1. Individual Claims

The Tippah Deputies and the Ripley officers each argue they are entitled to qualified immunity on the claims made against them individually: that they used excessive force in seizing Cruz, that they deprived Cruz's family of their familial relations with Cruz, that they failed to intervene in other officers' use of excessive force, and that they deprived Cruz of her life through arbitrary government action.

#### a. Law of Qualified Immunity

The Court first addresses Defendants claim of qualified immunity. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). Qualified immunity is an affirmative defense. However, the "plaintiff has the burden to negate the assertion of . . . immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir.2009). "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia, Miss.*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)). The pleading standard for claims brought under § 1983 is heightened and the complaint must state

"claims of specific conduct and actions giving rise to a constitutional violation." *Mitchell v., Okolona Sch. Dist.*, No. 1:10-CV-135-D-D, 2011 WL 1226023, at *2 (N.D. Miss. Mar. 29, 2011) (citing *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996)).

"[A] plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Morgan v* 659 F.3d at 371 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011)). The plaintiff's complaint must allege facts that, if true, demonstrate that the defendant violated his rights by acting in a way that he or she should have known was unlawful. *See Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996). "Dismissal is warranted only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

   b.   *Excessive Force (count 1)*

Williams alleges the officers in the chase used excessive force by deploying the spike strips. To succeed on an excessive force claim, the plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Williams v. Bramer*, 180 F.3d 699, 703, *clarified*, 186 F.3d 633, 634 (5th Cir. 1999).

Williams excessive force claims against both the Tippah deputies and the Ripley officers fail for two reasons. First, the only use of force alleged in the complaint was Bryan Anderson's deployment of the spike strips. The only allegations against the Tippah and Ripley Defendants is that they joined in the chased. Williams does not allege that either used any force against Cruz. Thus she has not alleged an injury that was the result of force by the Tippah and Ripley Defendants at all.

Second, as this Court previously held, the facts of the complaint show that Anderson's use of force was not excessive. Police officers are permitted to use force to end a high-

speed chase that pose[s] a grave public safety risk." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2022, 188 L. Ed. 2d 1056 (2014). The complaint admits that the chase Talley led officer's on was chase that posed risks to the public. *See* Am. Compl. ¶¶ 84, 105, 116 (state that "Talley was driving at speeds of 130 mph while cutting into and out of traffic," that "Talley was driving erratically and at speeds that posed significant danger to the public," and that "Talley was proceeding through stop signs and red lights without stopping and otherwise driving erratically."). Talley was driving dangerously, and therefore it was not an excessive use of force when Anderson deployed spike strips to stop him. The officers are entitled to qualified immunity on the excessive force claim.

    c.    *Deprival of Familial Relationships (count 2)*

Williams alleges that the officers deprived Cruz's family of their liberty interest in familial relationships with her without due process. To state a claim that a government employee unduly deprived plaintiff of a familial relationship, plaintiff must allege that the defendant intended "to interfere with a *particular* relationship protected by the freedom of intimate association."

The Fourteenth Amendment's substantive due process protections guard against conduct that "shocks the conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47, 118 S. Ct. 1708, 1716, 140 L. Ed. 2d 1043 (1998). In the context of police chases, "causing death through deliberate or reckless indifference to life in a high-speed automobile chase aimed at apprehending a suspected offender," does not shock the conscience." *Scott v. Harris*, 550 U.S. 372, 386, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). "[O]nly a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscious, necessary for a due process violation." *Id.*

Williams alleges neither that the officers knew of a particular relationship Cruz had with any of her family or that they intended to interfere with such a relationship. Further,

there are no facts in the complaint that show the Tippah and Ripley officers intended to cause harm to Cruz. That claim fails.

### d. Failure to Intervene (count 3)

Williams claims that the officers are responsible for failing to intervene and stop the constitutional violations incurred upon Cruz by the other officers.

"[T]he Fifth Circuit has held that a plaintiff may bring a claim for failure to intervene—sometimes called bystander liability—when '[a]n officer that is present at the scene . . . does not take reasonable measures to protect a suspect from another officer's use of excessive force . . . .'" *Garrett v. Crawford*, No. SA-15-CV-261-XR, 2016 WL 843391, at *9 (W.D. Tex. Mar. 1, 2016) (quoting *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)). The plaintiff must allege that the officer "1) knew that a fellow officer violated an individual's constitutional rights, 2) had a reasonable opportunity to prevent the harm, and 3) chose not to act." *Id.* (citing *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013)). The plaintiff must allege more than mere presence of the officer at the scene—he or she must allege that the officer had an opportunity to both realize the force was excessive and an opportunity to intervene and stop it. *Hale*, 45 F.3d at 919.

First, as discussed above, Williams has not established that *any* officer violated Cruz's constitutional rights by using excessive force to seize her. Thus, there is nothing for which any bystanding officer to be liable. Second, Williams does not allege facts establishing that any officer was in Anderson's presence when he deployed the spike strips, or that any officer involved in the chase could have stopped any other officer from continuing in the chase. The officers are entitled to qualified immunity on this claim as well.

### e. Arbitrary Government Action Claims (counts 10 and 12)

Williams claims that the officers violated Cruz's Fourteenth Amendment substantive due process rights to be free from arbitrary government action by continuing the high-speed police chase.

As the Court has already stated, only facts showing that the officers intended to "cause harm unrelated to the legitimate object of arrest." *Scott*, 550 U.S. at 386, suffice to show a Fourteenth Amendment substantive due process violation. The complaint alleges only that the Tippah and Ripley officers joined the chase, and that they did not terminate it. That does not evince an intent to harm Cruz necessary to make out a substantive due process violation. The officers are entitled to qualified immunity on these counts.

## 2. Municipal Claims (Counts 9, 11, and 13)

Williams alleges that Tippah County failed to train Gailard, Bateman, Austin, Standford, Rainey, and Johnson to safely engage in a high-speed police chase, and that this failure caused Cruz's death. She makes the same claim against the City of Ripley and Chief White with respect to officer Swallow.

To establish liability on a municipality a plaintiff must allege a 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose "moving force" is the policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). An official policy may be "'[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's law-making officials or by an official to whom the lawmakers have delegated policy-making authority.'" *Okon v. Harris County Hospital District*, 426 Fed.Appx. 312, 316 (5th Cir.2011), (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984) (en banc), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985)). Alternatively, it may be a "'a persistent, widespread practice . . . which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *G.M. ex rel. Lopez v. Shelton*, 595 F. App'x 262, 265 (5th Cir. 2014) (quoting *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984). Importantly, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police*

*Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir.1992)).

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011). To establish such a claim, the plaintiff must show that "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010) (citing *id.*).

Williams failure to train claims fail for several reasons. First and foremost, Williams has not established any underlying constitutional violation. As such she cannot establish any that any official policy or failure to train the officers caused a constitutional injury to Cruz.

Second, Williams fails to establish that either Tippah County, the City of Ripley, or Chief White acted with deliberate indifference in this case. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997) "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Smith v. Brenoettsy*, 148 F.3d 908, 912 (5th Cir. 1998) (internal quotations omitted). "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (internal quotations omitted.) Under the single incident exception "a plaintiff, unable to show a pattern of constitutional violations, may establish deliberate indifference by

9

'showing a single incident with proof of the possibility of recurring situations that present an obvious potential for violation of constitutional rights.'" *Burge v. St. Tammany Par.*, 336 F.3d 363, 373 (5th Cir. 2003) (quoting *McClendon v. City of Columbia*, 58 F.3d 432, 442 (5th Cir. 2001)).

There are no facts showing that either Tippah County or Ripley law enforcement repeatedly used excessive force in police chases. And because the Court holds that the officers did not violate Cruz's rights in this instance, their actions could not possibly warrant the application of the "single incident" exception because there is no constitution-violating "incident" to speak of. Accordingly, Williams failure to train claims against Tippah County, the City of Ripley, and Chief White fail.

### 3. Claims against John Doe Defendants

Williams includes two counts against John Doe Defendants 1-10. First, she alleges that a John Doe defendant failed to train Defendant Mackie Sexton, causing him to violate Cruz's constitutional rights. As the Court held in its prior opinion, Williams has not made out a § 1983 claim against Sexton. September 4, 2018 Memo. Op. at 8–12. For the reasons given above applicable to her failure to train claims against Tippah County and the City of Ripley, as well as the reasons for dismissing her failure to train claim against Alcorn County, *Id.* at 13, her failure to establish that Sexton committed an underlying constitutional violation precludes failure to train liability on any of his superiors.

Second, William alleges that other John Doe officers, deputies, and troopers involved in the chase acted with deliberate indifference. As the Court has repeatedly stated in this opinion, to maintain a Fourteenth Amendment claim here, Williams must allege facts showing the officers involved in this chase intended to "cause harm unrelated to the legitimate object of arrest." *Scott*, 550 U.S. at 386. Williams does not allege facts showing that anyone involved in this chase intended to cause a harm beyond stopping Talley's vehicle. She has thus failed to state a § 1983 claim against any of the John Doe defendants.

## 4. Supplemental Jurisdiction over Pendant State Law Claims

Williams makes a common-law negligence claim against all defendants. The Court has previously dismissed all federal causes of actions against Defendants Alcorn County, Mackie Sexton, and Bryan Anderson. The Court today dismisses the federal causes of actions against the remaining defendants.

"Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it 'has dismissed all claims over which it has original jurisdiction.'" *Heggemeier v. Caldwell County, Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting statute). "'District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed.'" *Alexander v. State of Mississippi*, 655 F. App'x 989, 993 (5th Cir. 2016) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). Factors to consider in the determination of whether to exercise supplemental jurisdiction include the statutory factors set forth in 28 U.S.C. § 1367, as well as "common law factors of judicial economy, convenience, fairness, and comity." *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009)). "The dismissal of all federal claims provides 'a powerful reason to choose not to continue to exercise jurisdiction.'" *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 201 (5th Cir. 2015) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).

The Court concludes that it should follow the general rule in this case. In the case *sub judice*, the Court has dismissed all federal claims and thus may decline to exercise supplemental jurisdiction based on 28 U.S.C. § 1367(c)(3). Thus, the Court dismisses Williams common-law negligence claims against all defendants without prejudice.

## Conclusions

The Court finds that Defendants Karl Gailard, Josh Bateman, Donald Austin, Jonathan Rainey, Billy Johnson, Scott White, and Ryan Swallow are entitled to qualified immunity on the respective § 1983 against them. The Court finds that Williams has failed to state a

claim for failure to train against Tippah County, the City of Ripley, or Scott White. The Court also finds the Williams has failed to state a claim against the unnamed John Doe defendants. Finally, having disposed of all federal law claims, the Court finds that it should decline to exercise supplemental jurisdiction over the remaining state law claims.

For these reasons, the Court finds that the Tippah County Defendants and the Ripley Defendants respective motions for judgment on the pleadings are granted.

An order in accordance with this opinion shall issue.

This the 7th day of January, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE